IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL EVERETT HUSSEY,

    Plaintiff,

vs.                                    CASE NO. 5:10-cv-322/RS-CJK

CITY OF MARIANNA, FLORIDA,

    Defendant.
_____/

## AMENDED ORDER

Before me are Defendant's ("the city") Motion for Summary Judgment (Doc. 18), Statement of Facts in Support (Doc. 19), and Memorandum (Doc. 20), and Plaintiff's Response in Opposition (Doc. 28) and Statement of Facts in Opposition (Doc. 27).

Plaintiff has brought a three count amended complaint alleging causes of action under Florida's Whistleblower Act, federal and state retaliation statutes, and Florida's disability statute (*See* Doc. 1, Attach. 3).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Analysis

**Whistleblower Act**

The Whistleblower Act, FLA. STAT. § 112.3187, "should be liberally construed in favor of granting access to the remedy." *Irven v. Dep't of Health & Rehabilitative Servs.*, 790 So. 2d 403, 405 (Fla. 2001). The fact that Plaintiff allegedly reported violations of the Defendant's personnel policy manual, rather than a violation of law is of no moment. The Act specifically includes "violations or suspected violations of *any* . . . local law, rule, or regulation." Fla. Stat. § 112.3187(5)(a) (emphasis added). The Act also protects reports of "gross mismanagement" which includes "a continuous pattern of managerial abuses, wrongful or arbitrary and capricious

actions." Id. at 112.3187 (3)(e) and (5)(b).   At a minimum, a city's personnel policies guide a city's personnel decisions.   Straying from those policies may be an indication of managerial abuse and because of the policy in favor of a broad interpretation of the statute, employees are afforded protection for reporting suspected violations of those policies.

**Retaliation**

Plaintiff cites three basis for his retaliation claim—Title VII retaliation, 42 U.S.C. § 2000e; Title I of the Civil Rights Act, 42 U.S.C. §1981a; and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.   In response to the Motion for Summary Judgment, Plaintiff has agreed to not proceed with the ADA retaliation claim.   (*See* Doc. 28, p. 6).   However, on its face, the Amended Complaint does not actually allege ADA retaliation under 42 U.S.C. § 12203(a).   I construe this response to mean that Plaintiff does not allege that he was retaliated against because of any actions taken with regard to his disability.   Rather, the Amended Complaint alleges that Plaintiff is a member of a "protected class because he reported unlawful employment practices and was a victim of retaliation thereunder."   (Doc. 1, Attach. 3, p. 6).[1]

To establish a prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e - 3(a), Plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.   *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008).   Here, Plaintiff's claim necessarily implies that the protected expression was Plaintiff's

---

[1] Plaintiff's retaliation claim is unclear.   Count II refers to the Plaintiff as "she" and "her" when Plaintiff is a male. This cut-and-paste section is formulaic and does not adequately allege a cause of action for retaliation.

report of the city not following the personnel manual.  However, protected expression under 42 U.S.C § 2000e, et seq., is limited to when an employee opposes "a practice forbidden under Title VII . . . (the opposition clause), or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing (the participation clause)." *Churchill v. City of Pan. City Beach*, 2009 U.S. Dist. LEXIS 69017, 19-20 (N.D. Fla. 2009), *aff'd*, 395 Fed. Appx. 531, 532 (11th Cir. 2010). Title VII prohibits discrimination based upon "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Plaintiff does not allege that he was retaliated against because of some action he took against these categories discrimination.  Rather, his general whistleblower claim, which does not involve a protected class, is not statutorily protected expression and does not support a Title VII claim. Plaintiff's claim likewise is not supported under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.  *See Jones v. United Space Alliance*, LLC, 494 F.3d 1306, 1310 (11th Cir. 2007) ("Because the FCRA is modeled on Title VII, Florida courts apply Title VII caselaw when they interpret the FCRA.)" And, while 42 U.S.C. § 1981a provides additional relief for Title VII suits, it is not an independent ground for recovery.  *See Galliher v. Rubin*, 969 F. Supp. 1329, 1330 (S.D. Ga. 1997).  It does not expand recovery to acts related to general whistleblower claims without some nexus to race, sex, disability or some other statutorily recognized discrimination.  In the light most favorable to Plaintiff, the Amended Complaint does not allege that the city retaliated against Plaintiff based upon his purported disability, rather they retaliated against him for reporting violations of the personnel manual.  (*See* Doc. 28, p.5).

**Disability Discrimination**

As for the state disability discrimination claim, Fla. Stat. § 760 et seq., Plaintiff has brought forth sufficient evidence that he has a learning disability which makes him handicapped. Plaintiff has sufficiently alleged that others, including Defendant's employees, knew of Plaintiff's disability.

**Reasons for Discharge and Pretext**

"Once plaintiff establishes a prima facie case by proving only that the protected activity and the negative employment action are not completely unrelated, the burden shifts to the defendant to proffer a legitimate reason for the adverse action." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000). Here, Defendant contends that Plaintiff was terminated because of multiple violations of the City's policies and procedures over the course of four months. (Doc. 20, p. 14). As evidence, Defendant notes the verbal reprimand and three written reprimands that Plaintiff received for his violations of policy which included several instances of leaving the work area, using his cellular phone for personal communications during work hours, and instructing another employee to leave a city truck running and unattended. (Doc. 20, p. 14-18). Defendants have proffered legitimate reasons for terminating Plaintiff's employment. The burden now "shifts back to the Plaintiff to prove by a preponderance of the evidence that the 'legitimate' reason is merely pretext for prohibited, retaliatory conduct. S*ierminski*, 216 F.3d at 950.

"A plaintiff can establish pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons

for its action that a reasonable factfinder could find them unworthy of credence." *Hill v. Emory Univ.*, 346 Fed. Appx. 390, 394 (11th Cir. 2009) (unpublished) (*citing Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)). "A plaintiff is entitled to survive summary judgment, and judgment as a matter of law, if there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action." *Combs*, 106 F.3d at 1529.

Here, Plaintiff alleges that other employees frequently performed work duties outside of what their supervisor assigned, did not always follow instructions, and would use their cellular phones for personal use while not on break. These employees did not suffer the same adverse actions as Plaintiff. (*See* Doc. 27, p, 18). These allegations are circumstantial evidence of an inconsistent application of discipline which a reasonable jury could find as more creditable than Defendant's legitimate reasons for taking action.

**IT IS ORDERED**:

1. The Motion for Summary Judgment (Doc. 18) is **GRANTED in part, and DENIED in part**.
2. Count II is **Dismissed with Prejudice.** All claims for ADA retaliation are **Dismissed** to the extent the Amended Complaint alleges ADA Retaliation.
3. Plaintiff's remaining counts are allowed to proceed.

   **ORDERED** on August 1, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**