**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**CARL EVERETT HUSSEY,**

       **Plaintiff,**

**vs.**                                                         **CASE NO. 5:10-cv-322/RS-CJK**

**CITY OF MARIANNA, FLORIDA,**

       **Defendant.**
_____/

**<u>ORDER</u>**

Before me are Defendant's Motion in Limine (Doc. 42), Defendant's Memorandum of Law in Support (Doc. 41), and Plaintiff's Response in Opposition (Doc. 44).

Defendant first seeks to exclude evidence of whether Plaintiff actually violated work rules. Defendant contends that the issue in this case in not whether the rules were violated, but whether the City's decision-makers believed in good faith that they were violated. (Doc. 41, p.3).   The reasonableness of the decision-makers' beliefs is based, in part, on whether Plaintiff actually violated the rules.   Evidence of Plaintiff's behavior is relevant to this issue.   It will not be excluded.

Defendant and Plaintiff agree on the second issue.   Plaintiff's OSHA complaint is excluded.   (Doc. 44, p.4).

Defendant next seeks to exclude evidence of the City's treatment of Mssrs. Pyles, Pollock,

and Sapp as comparators. Plaintiff contends that these comparators engaged in similar work rule violations under the same supervisors, but did not suffer the same consequences as Plaintiff. They are proper comparators, particularly to the issue of pretext.   It will not be excluded.

Next, Defendant seeks to excluded "me too" evidence—testimony of co-workers that they were also allegedly discriminated against.   To allow such testimony would result in mini-trials which could lead to confusion.   It will be excluded.

Finally, Defendant seeks to exclude co-worker testimony of Plaintiff's work performance. Defendant contends that testimony by lateral workers as to whether Plaintiff's performance was satisfactory or dissatisfactory is hearsay because it is beyond the scope of their employment. (Doc. 41, p. 14). Testimony of this nature is not hearsay to the extent that co-workers have first-hand knowledge of Plaintiff's performance.   In addition, should Defendant suggest that Plaintiff was fired for poor work performance, their testimony could be relevant to pretext. It will not be excluded.

The Motion in Limine (Doc. 42) is **GRANTED, in part, and DENIED, in part** consistent with the reasoning above.


**ORDERED** on September 1, 2011.


/S/ Richard Smoak_____
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**